## Overton *against* Gibson.

A settler who makes his improvement by mistake or otherwise, on land previously appropriated, obtains no title by settlement to the adjoining tract, over which his enclosure extends.

WRIT of error to *Bradford* county.

Ejectment by Mary Overton and others against William Gibson for a tract of land.　The plaintiff's title was founded upon an actual settlement, and it appeared that the buildings of the settler made before he obtained his warrant, were not upon the tract in dispute, but on an adjoining tract, which had been previously appropriated. And the question which arose, and the only one determined by this court was : whether an improvement made by mistake or otherwise on land previously appropriated, gives a title to land adjoining, over which the settler extends his enclosures ?　The court below (Her-

[Overton v. Gibson.]

rick, president) was of opinion that the plaintiffs were not entitled to recover, and the jury found accordingly.

*Lewis*, for plaintiffs in error.
*Williston*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—The plaintiffs claim title, by virtue of an application of Thomas Overton, who was an actual settler, and by sundry mesne conveyances to them. The defendant takes defence on two grounds. Firstly, that the house was not erected on the property in dispute, but upon an adjoining patented or warranted tract; and secondly, he says it is an island, and as such not the subject of settlement. The first is a question of law, and the second of fact. The court charged the jury in favour of the defendant on the first point; and this made the second immaterial; for whether it was an island or not, the plaintiffs, under the charge, were not entitled to recover. The question arises, for the first time in this court, whether a settler who makes his improvements by mistake, or otherwise, on land previously appropriated, obtains a title by settlement to the adjoining tract, over which his enclosure extends. At a circuit court, in Union county, it was ruled that such improvements gave no title. This direction was submitted to by the counsel, and as the cause was not appealed, I mentioned the decision to my brethren, all of whom assented to the propriety of the direction. I have since reflected on the decision, and I am satisfied the point was properly ruled.

No warrants shall issue (act of the 30th December 1786) from the land office of this state, for any tract of land on which a settlement is made, unless to such person or persons, respectively, who have made the settlement, or their legal representatives, &c.; and if any such warrant shall issue, otherwise than aforesaid, it shall be deemed to have issued by surprize, and shall be of no avail in law.

By a settlement shall be understood (same act) an actual, personal, resident settlement, with a manifest intention of making it a place of abode and the means of supporting a family, continued from time to time, unless interrupted by the enemy, or going into the military service of the country during war.

In the act of 22d September 1794, second section, it is enacted, that no application shall be received at the land office for any land, in this commonwealth, except for such lands whereon a settlement has been, or hereafter shall be, made, grain raised, and a person or persons residing thereon. These acts, in force at the time of Overton's application, are *in pari materia*, and their construction must govern this cause. The act of the 30th December 1786, is mandatory. No warrants shall issue, &c., for any tract of land on which a settlement has been made, unless to such person as has made the settlement, &c. The act then defines a settlement, and concludes by enacting that if any warrant shall issue otherwise than as afore-

II.—YY

[Overton v. Gibson.]

said, it shall be deemed to have issued by surprise, and shall be of no avail in law. The act of the 22d September 1794, is equally strong and imperative in its provisions. No application shall be received at the land office, &c. for any lands, &c. except for lands on which a settlement has been made, grain raised, and a person or persons residing thereon. With no propriety of language can it be said that a person was residing on the tract in dispute, or that there was an actual, personal, resident settlement; and whatever may have been the intention of settling, that can make no difference, as the requisitions of the act must be complied with. The acts are intended to give a right of preemption to settlers, and therefore enact that the settlement shall be upon vacant, and not upon warranted land. The commonwealth takes no part in the inception of the title; the officers of government receive information of the facts from the settler, and act entirely on his representations. It is, therefore, made his interest, as well as his duty, to make a faithful representation, under the severe penalty that if a mistake be made no title vests. In the language of the act, and none more forcible can be used, the warrant is deemed to have issued by surprise, and is of no avail in law. And this strictness of construction is necessary as a guard to the rights of others, by preventing carelessness on the part of the settler. If permitted to remain on the warranted land, the settler would claim title, by the act of limitation, to all the land within the enclosures. If ousted from the possession of the land on which the house was erected, he would hold the vacant land by settlement, and thus in his hands it would be a two-edged sword, at one time wielded against the commonwealth, at another against the warrantee, and sometimes it would be used as a shield against both. The commonwealth, in the case at bar, intended to grant vacant lands, and if it had been truly represented to the officers of the government, that there was no actual resident on the land which was the object of the application, no warrant would have issued at all; and this is strong to show that if such a state of facts exist no title ever vested. It is an error to suppose that it is a case of forfeiture. The act prescribes that the applicant shall make an actual, personal and resident settlement on the land, and until this condition is complied with, which is a precedent condition, no title vests. The counsel insist on the hardship of the case; but argument, from a presumed hardship, must always be received with great caution. It is not for the courts, on such ground, to dispense with the positive provisions of an act of assembly. And, besides, there is no greater hardship than in the case of a warrantee who, by mistake, lays his warrant on land previously appropriated. I know nothing more pernicious than the introduction of exceptions to general rules, on the ground of imputed hardship to individuals in a particular case. The laws have pointed out with precision, the manner in which a title may be acquired by settlement. It presents no difficulty to the court, and imposes no greater hardship than ordinary diligence in the settler. If, however,

[Overton v. Gibson.]

we are to make the title depend, as has been urged, on the *quo animo* with which the settlement was made, it is obvious we introduce a rule which, from its nature, must be uncertain, difficult of proof, and will be a fruitful source of litigation and fraud.

Judgment affirmed.